**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **BETTY WEIR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 5:20-cv-05206-TLB** |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON F/K/A LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant Lincoln Life Assurance Company of Boston[1] f/k/a Liberty Life Assurance Company of Boston ("Lincoln Life"), files this Answer to Plaintiff's Amended Complaint (the "Complaint"), filed by Plaintiff Betty Weir, and Counterclaim, and states as follows:

1. Lincoln Life admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") under the jurisdiction of this Court under 28 U.S.C. § 1331. Lincoln Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against it. Lincoln Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

---

[1] Incorrectly named in the Amended Complaint and shown on the Court's Docket as "Lincoln Life Insurance Company of Boston."

2. Lincoln Life admits it is an insurance company and is lawfully authorized to do business in Arkansas. Lincoln Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln Life admits Plaintiff was, at certain times, employed by J.B. Hunt Transportation Services, Inc. ("J.B. Hunt") located in Benton County, Arkansas. Lincoln Life is currently without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln Life admits the allegations contained in Paragraph 4 of the Complaint.

5. Lincoln Life admits Plaintiff was, at certain times, employed by J.B. Hunt, and that Plaintiff was, at certain times, a participant in the J.B. Hunt Transportation Services, Inc. Long Term Disability Plan (the "LTD Plan"). Lincoln Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln Life admits Plaintiff was, at certain times, employed by J.B. Hunt. Lincoln Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln Life admits Plaintiff was, at certain times, employed by J.B. Hunt, and that Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln Life admits J.B. Hunt sponsored the LTD Plan to provide long-term disability benefits to certain of its employees. Lincoln Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln Life admits that it issued Group Disability Income Policy No. GF3-860-066830-01 (the "Policy") to J.B. Hunt, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln Life admits that it issued the Policy to J.B. Hunt. Lincoln Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln Life admits that it issued the Policy to J.B. Hunt, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life admits J.B. Hunt sponsored the LTD Plan to provide long-term disability benefits to certain of its employees. Lincoln Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln Life denies the allegations contained in Paragraph 11 of the Complaint.

12. Lincoln Life denies the allegations contained in Paragraph 12 of the Complaint.

13. Lincoln Life denies the allegations contained in Paragraph 13 of the Complaint.

14. Lincoln Life denies the allegations contained in Paragraph 14 of the Complaint.

15. Lincoln Life denies the allegations contained in Paragraph 15 of the Complaint.

16. Lincoln Life denies the allegations contained in Paragraph 16 of the Complaint.

17. Lincoln Life denies the allegations contained in Paragraph 17 of the Complaint.

18. Lincoln Life denies the allegations contained in Paragraph 18 of the Complaint.

19. Lincoln Life admits that it issued the Policy to J.B. Hunt. Lincoln Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln Life denies the allegations contained in Paragraph 20 of the Complaint.

21. Lincoln Life denies the allegations contained in Paragraph 21 of the Complaint.

22. Lincoln Life admits that it issued the Policy to J.B. Hunt, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln Life admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln Life specifically denies that it was the Plan

Administrator of the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln Life admits that it issued the Policy to J.B. Hunt, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln Life admits that it issued the Policy to J.B. Hunt, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. To the extent that Paragraph 26 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln Life denies the allegations contained in Paragraph 27 of the Complaint.

28. Lincoln Life denies the allegations contained in Paragraph 28 of the Complaint.

29. Lincoln Life denies the allegations contained in Paragraph 29 of the Complaint.

30. Lincoln Life admits Plaintiff was, at certain times, employed by J.B. Hunt as a Director of Operations. Lincoln Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln Life admits that Plaintiff submitted a claim for, and received, at certain times, benefits from the J.B. Hunt Transportation Services, Inc. Short Term Disability Plan (the "STD Plan"). Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claim file upon which Plaintiff's claims for benefits from the STD Plan and the LTD Plan were determined, and Lincoln Life refers to these

documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln Life admits Plaintiff's last day of work at J. B. Hunt was August 25, 2016. Lincoln Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln Life admits that short-term disability benefits from the STD Plan are self-insured by J.B. Hunt and that, at certain times, Lincoln Life provided certain services to the STD Plan pertaining to claims for short term disability benefits under the terms of a contract. Lincoln Life admits that Plaintiff received, at certain times, benefits from the STD Plan. Lincoln Life specifically denies that benefits paid under the STD Plan were insured by the Policy and denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln Life admits that Plaintiff submitted a claim for, and received, at certain times, benefits from the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln Life admits that Plaintiff submitted a claim for, and received, at certain times, benefits from the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln Life admits it sent a letter dated May 15, 2019, to Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln Life admits it sent a letter dated May 15, 2019, to Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln Life refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claim file upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the claim file upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln Life denies the allegations contained in Paragraph 42 of the Complaint.

43. Lincoln Life admits it sent a letter dated August 6, 2019, to Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln Life denies the allegations contained in Paragraph 45 of the Complaint.

46. To the extent that the allegations contained in Paragraph 46 seek to interpret the provisions of the Policy, Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. To the extent that the allegations contained in Paragraph 47 seek to interpret the provisions of the Policy, Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln Life denies the allegations contained in Paragraph 48 of the Complaint.

49. Lincoln Life denies the allegations contained in Paragraph 49 of the Complaint.

50. Lincoln Life admits that Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. To the extent that Paragraph 51 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life admits that Plaintiff is seeking recovery of benefits from the LTD Plan, along with attorney's fees, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln Life denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint, including Paragraphs 1-4 thereunder.

Lincoln Life denies all allegations contained in the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln Life reserves the right to assert additional defenses.

## COUNTERCLAIM

In response to the allegations contained in the Complaint, Lincoln Life asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln Life in accordance with the terms of the document governing the LTD Plan. Lincoln Life also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln Life or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln Life seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln Life. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln Life for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln Life in breach of the terms of the LTD Plan. Lincoln Life is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln Life requests that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Lincoln Life's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln Life's reimbursement of benefits Plaintiff received from Lincoln Life or the Social Security Administration; that Lincoln Life be awarded its

attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln Life be awarded such other and further relief to which it may show itself entitled.

Dated this 2nd day of April 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

William C. Demas
Email: Demas@TuckerLawGroup.com

| | |
|---|---|
| April 2, 2021 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |